# EXHIBIT A

## BUSINESS PROPERTY LEASE AGREEMENT
117 Shirley Road, Seaford, VA 23696

THIS AGREEMENT is entered into the **23rd day of December, 2017** (the "EFFECTIVE DATE"), between **Truston, Inc.** (hereinafter called the Lessor), party of the first part, and **Marine1 LLC** (hereinafter called the Lessee or tenant), party of the second part.

Witnesseth, that the said Lessor does this day lease unto said Lessee, and said Lessee does hereby hire and take tenant, 117 Shirley Road, Seaford, VA 23696 (the Property, which includes all installed fixtures, systems and equipment in agreed satisfactory working order). The Property is to be used and occupied by the Lessee for the conduct of any and all activities in support of engineering and design, fabrication, manufacture, assembly and test of its technologies, products and services. The term of the lease is one year, subject and conditioned on the provisions of this lease and Property condition above, beginning February 15, 2018 and ending February 14, 2019.

Lease payments will be five thousand dollars ($5,000.00) per month paid to the Lessor on the fifteenth day of each and every month in advance without demand at 520 Ridgely Ave, Annapolis, MD 21401 or at such other place and to such other person, as the Lessor may from time to time designate in writing. A late fee of $ 200.00 shall be paid with each payment received after the 10th of each month. Lessee will not be charged for their first month of Property occupancy, beginning 2/15/2018 and ending 3/14/2018. Lessee will initiate lease payments in their second month of Property occupancy, beginning 3/15/2018. (Per 2/8/2018 11:22 AM text from Matt Marcy, and 2/13/2018 12:10 PM conversation between Matt Marcy and Scott Snow. This was agreed to in exchange for Lessee accommodating temporary storage of Lessor equipment and goods on the Property.)

The following express stipulations and conditions are made a part of this lease and are hereby agreed to by the Lessee:

1. The Lessee may assign this lease, sub-let the premises or any part thereof, with the permission, not unreasonably withheld, of the Lessor subject to continued compliance with all other provisions of this Agreement. Lessee may make alterations and additions to the Property with the written consent of the Lessor. All additions, fixtures or improvements which may be made by Lessee, except movable office furniture, fixtures or equipment identified in advance as temporary, shall become the property of the Lessor and remain upon the premises as a part thereof and be surrendered with the premises at the termination of this lease.

2. All personal property placed or moved in premises above described shall be at the risk of the Lessee or owner thereof, and Lessor shall not be liable for any damage to said personal property, or to the Lessee arising from the bursting or leaking of water pipes or storm or tidal flooding or from any act of negligence of any co-tenants or occupants of the building or of any other person whomsoever.

3. That the tenant shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the federal, state and city government and of any and all their departments and bureaus applicable to said premises, for the corrections, prevention, and abatement of nuisances or other grievances, in upon, or connected with said premises

**PAGE 1 OF 4**

during said term, excluding pre-existing conditions.  The Lessee has the right of appropriate and timely pre-occupation inspections of the Property.

4.  In the event the premises shall be destroyed or so damaged or injured by fire or other casualty during the life of this agreement, whereby the same shall be rendered untenable, then the Lessor shall have the right to render said premises tenantable by repairs within ninety days therefrom.  If said premises are not rendered tenantable within said time, it shall be the option of either party hereto to cancel this lease, and in the event of such cancellation the rent shall be paid only to the date of such fire or casualty.  The cancellation herein mentioned shall be evidenced in writing.

5.  The prompt payment for said premises upon the dates named and the faithful observance of the rules and requirements printed upon this lease, and which are hereby made a part of this covenant, and of such other and further rules or regulations as may be hereafter made by the Lessor and agreed to by the Lessee, are the conditions upon which the lease is made and accepted.

6.  If the Lessee shall vacate or abandon said premises before the end of the term of this lease, or shall suffer the rent to be in arrears more than 60 days, the Lessor may, at his option, forthwith cancel this lease and re-let the premises with or without any furniture that may be therein, as the agent of the Lessee, at such price and upon such terms and for such duration of time as the Lessor may determine, and receive the rent therefore applying the same to the payment of the rent due by these presents, and if the full rental herein provided shall not be realized by Lessor over and above the expenses to Lessor in such re-letting, the said Lessee shall pay any deficiency, and if more than the full rental is realized Lessor will pay over to said Lessee the excess of demand.

7.  Lessee agrees to pay the cost of collection and reasonable attorney's fee on any part of said rental that may be collected by suit or by attorney, after the same is past due.

8.  The Lessee agrees that he will pay suppliers directly all charges due for water, gas, septic/sewer and electricity on said premises.

9.  Said Lessee will not be required to provide a security deposit.  (Per 2/13/2018 12:10 PM conversation between Matt Marcy and Scott Snow.  This was agreed to in exchange for Lessee accommodating temporary storage of Lessor equipment and goods on the Property.)

10.  The Lessor, or his reputable licensed contractor, shall have the right to enter said premises during all reasonable hours agreed by and convenient to Lessee, to examine the same to make such repairs, additions or alterations as may be deemed necessary for the safety, comfort or preservation thereof or of said building.

11.  Lessee hereby accepts the premises in the documented pre-agreed condition they are in at the beginning of this lease and agrees to maintain said premises in the same condition, order and repair as they are at commencement of said term, excepting only reasonable wear and tear arising from the use thereof under this agreement, and to make good to said Lessor immediately upon demand, any damage to water apparatus, or electric lights or any fixtures, appliances or appurtenances of said premises, or of the building caused by any negligent act of any person or persons in the employ or under the control of the Lessee.  Lessee shall maintain landscaping and surrounding areas of the building and maintain sufficient heat in the winter to

prevent freezing of water pipes and fixtures. Lessor shall be responsible for any routine necessary roof or structural maintenance and repairs.

12. It is expressly agreed and understood by and between the parties to this agreement that the Lessor shall not be liable for any damage or injury by floodwater, which may be sustained by the said tenant or other person or for any other damage or injury resulting from the leakage or obstruction of the water or sewer or soil pipes, or other leakage, excepting the roof, in or about the said building.

13. If the Lessee shall become insolvent or if bankruptcy proceedings shall be initiated by or against the Lessee, before the end of said term the Lessor shall have normal rights of recovery, including the cancellation of this lease.

As for a default, Lessor may elect to accept rent from such receiver, trustee, or other judicial officer during the term of their occupancy in their judiciary capacity without affecting Lessor's rights as contained in this contract, but no receiver, trustee or other judicial officer shall ever have any right, title or interest in or to the above described property by virtue of this contract.

14. This contract shall bind the Lessor and its assigns or successors, and the heirs, assigns, administrators, legal representatives, executors or successors, as the case may be, of the Lessee.

15. It is understood and agreed between the parties hereto that time is of the essence of this contract and this applies to all terms and conditions contained herein.

16. It is agreed and understood between the parties hereto that written notice mailed or delivered to the premise leased hereunder shall constitute sufficient notice to the Lessee and written notice mailed or delivered to the office of the Lessor shall constitute sufficient notice to the Lessor, to comply with the terms of this contract.

17. The rights of the Lessor under the foregoing shall be cumulative, and failure on the part of the Lessor to exercise promptly any rights given hereunder shall not operate to forfeit any of the said rights.

18. It is further understood and agreed between the parties hereto that any charges against the Lessee by the Lessor for services or work done on the premises by order of the Lessee or otherwise accruing under this contract shall be considered as rent due and shall be included in any lien for rent due and unpaid.

19. It is hereby understood that Lessee has the right to make reasonable interior or exterior alterations to the Property in support of its business needs. A proposal for such alterations shall be submitted by the Lessee to Lessor who will promptly, within 30 days, approve or advise adjustments to such proposal that it will approve.

20. Lessee will provide proof of insurance coverage naming Truston, Inc. as an additional insured. The Lessee shall be responsible for, and hold harmless and indemnify the Lessor against any and all third party claims against the Lessee during the term of this lease. Likewise, the Lessor shall be responsible for and hold harmless the Lessee against any and all third party claims against the Lessor during the term of this lease.

21. The Lessee shall be responsible for all legally required environmental compliance requirements for its operations by local, state and federal agencies, and shall indemnify and hold harmless Lessor against any and all claims of noncompliance by the Lessee. Lessor shall be responsible for resolution of any and all environmental compliance or remediation issues created or existing prior to Lessee occupancy of the Property, whether or not previously identified.

22. It is understood that Lessee shall conduct operations entirely on its behalf and not as agent or servant of Lessor, and Lessee shall assume the risk of any lack of safety of the rented premises from any cause and shall indemnify Lessor from any and all damages to property and injuries to persons, including death, which may arise from or grow out of Lessee's operations under this Lease Agreement.

23. Lessee shall at its expense, obtain and keep in force and effect during the terms of this Lease Agreement and all renewals and extensions thereof $1,000,000 General Liability and $1,000,000 Fire Legal Liability Insurance, the total of Lessee liability for any damage claim.

24. This lease shall automatically renew yearly, with the same terms and conditions continuing, unless written notice, as in 16 above, is given by either party, sixty days prior to the expiration of the existing term.

25. Lessee may take occupancy of the back building (high bay) on 1/1/2018 at a rent of one thousand, five hundred dollars ($1,500.00) for the month of January. Lessor will be responsible for utilities and grounds keeping during this month, but all other provisions of this Lease remain in effect.

26. Lessee shall have the option to purchase the Property for one-million, two-hundred-thousand dollars ($1,200,000.00) anytime during the first twelve months of this lease. If a purchase contract is executed during the first six months of this lease and if the purchase is closed within 30 days of the purchase contract, 80% of all lease payments paid under this agreement will be credited towards the purchase price. When applicable, Lessor and Lessee shall enter into an agreement specifying terms to include owner financing for such a purchase at a per annum rate, agreeable to the Lessee, for a period of 15 years.

IN WITNESS WHEREOF, the parties hereto have hereunto executed this instrument for the purpose herein express, the day and year above written.


LESSOR: **Truston, Inc.**

By: _____
     (signature)

Name: **Lesley L. Levicki**

Title:   **CFO**

Date:   2/16/2018
       (month / day / year)


LESSEE: **Marine1 LLC**

By: _____
     (signature)

Name: **Scott T. Snow**

Title:   **President**

Date:  2 / 14 / 2018


PAGE 4 OF 4

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YY) 02/20/2018 |
|---|---|

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|
| Teagle Insurance Agency of Gloucester Inc 6802 Teagle Lane Glouster VA 23061 804-824-9886 | **COMPANIES AFFORDING COVERAGE** |
| | COMPANY **A**    RLI Insurance |
| **INSURED** | COMPANY **B** |
| Marine 1 LLC 117 Shirley Rd Seafood VA 23696 | COMPANY **C** |
| | COMPANY **D** |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| | **GENERAL LIABILITY** | | | | BODILY INJURY OCC | $ 1,000,000 |
| x | COMPREHENSIVE FORM | | | | BODILY INJURY AGG | $ 2,000,000 |
| | PREMISES/OPERATIONS | | | | PROPERTY DAMAGE OCC | $ 1,000,000 |
| | UNDERGROUND EXPLOSION & COLLAPSE HAZARD | | | | PROPERTY DAMAGE AGG | $ 2,000,000 |
| | PRODUCTS/COMPLETED OPER | MRP0200262 | 10/30/2017 | 10/30/2018 | BI & PD COMBINED OCC | $ 1,000,000 |
| | CONTRACTUAL | | | | BI & PD COMBINED AGG | $ 2,000,000 |
| | INDEPENDENT CONTRACTORS | | | | PERSONAL INJURY AGG | $ 1,000,000 |
| | BROAD FORM PROPERTY DAMAGE | | | | Fire Legal Liability | 1,000,000 |
| | PERSONAL INJURY | | | | Medical expense | 5,000 |
| | **AUTOMOBILE LIABILITY** | | | | BODILY INJURY (Per person) | $ |
| | ANY AUTO | | | | | |
| | ALL OWNED AUTOS (Private Pass) | | | | BODILY INJURY (Per accident) | $ |
| | ALL OWNED AUTOS (Other than Private Passenger) | | | | | |
| | HIRED AUTOS | | | | PROPERTY DAMAGE | $ |
| | NON-OWNED AUTOS | | | | | |
| | GARAGE LIABILITY | | | | BODILY INJURY & PROPERTY DAMAGE COMBINED | $ |
| | **EXCESS LIABILITY** | | | | EACH OCCURRENCE | $ |
| | UMBRELLA FORM | | | | AGGREGATE | $ |
| | OTHER THAN UMBRELLA FORM | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | WC STATU-TORY LIMITS / OTHER | |
| | | | | | EL EACH ACCIDENT | $ |
| | THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: INCL / EXCL | | | | EL DISEASE - POLICY LIMIT | $ |
| | | | | | EL DISEASE - EA EMPLOYEE | $ |
| | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS

Manufacturer and installer of stabilization systems on military vessels

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Truston Technologies and Universal Marine Leasing 520 Ridgely Ave Annapolis, MD 21401 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL _____ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. |
| | AUTHORIZED REPRESENTATIVE *Branden C. Nordan* |

ACORD 25-N (1/95)                                          c ACORD CORPORATION 1988

Policy Number: MRP0200262

RLI Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED(S) & WAIVER OF SUBROGATION

# (BLANKET)

It is agreed that this Policy will include, as an Additional Insured, any person or organization, but only to the extent that you are obligated by a "written contract" to include them as Additional Insured(s) and only with respect to work and/or operations performed by you or on your behalf.

The inclusion of an Additional Insured does not in any way extend the type of coverage afforded by the Policy, nor does it increase the limits of liability under the Policy.

It is further agreed that we waive any right of recovery we may have against any person or organization because of payments we make for "bodily injury" or "property damage" arising out of "your work" with that person or organization, but only to the extent that you are obligated by a "written contract" to provide such waiver of rights of recovery and only with respect to "your work" or to your premises or the premises you use.

OMGL 624 (11/07)

Page 1 of 1

INSURED