**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
*Newport News Division*

OCEANETICS, INC.,

        **Plaintiff,**

v.                                     **Civil Action No. 4:26cv90-MSD**

MARINE1, LLC,

        **Defendant.**

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

Plaintiff Oceanetics, Inc. ("Plaintiff" or "Oceanetics"), by counsel, opposes the Motion for Extension of Time submitted by Mr. Scott Snow ("Mr. Snow"), purportedly on behalf of Defendant Marine1, LLC's ("Defendant" or "Marine1"). In support thereof, Plaintiff states as follows:

### Mr. Snow's Representations to the Court

Mr. Snow represents in Paragraph 6 of his Motion for Extension of Time that he attempted to confer with Plaintiff's counsel regarding his Motion. *See* ECF No. 10, ¶ 6. Plaintiff's counsel has no record of such attempts and, had they been made, would have engaged Mr. Snow. On July 31, 2026, after receiving a copy of the Motion for Extension of Time, Plaintiff's counsel emailed Mr. Snow requesting that he provide evidence of his attempts to communicate with this office, and to discuss a reasonable time extension. *See* **Exhibit A**. To date, Plaintiff's counsel has received no response to this request.

### Lack of Standing and Ghostwriting Certification

Mr. Snow's Motion for Extension of Time is improper for lack of standing. As a limited liability company, Defendant Marine1, LLC may only appear by counsel in this action. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal

courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citing *Osborn* v. *President of Bank of United States*, 22 U.S. 738 (1824)). In the Eastern District of Virginia, this rule has been applied to Virginia limited liability companies. *Dss A.S. v. Pacem Def. LLC*, 2026 U.S. Dist. LEXIS 93108, at *4 (E.D. Va. Feb. 11, 2026). Mr. Snow cannot represent Marine1, LLC without a Virginia law license.

Mr. Snow's Motion is also improper as it omits the required ghostwriting certification. Pursuant to Local Civil Rule 83.1:

> All litigants who are proceeding pro se shall certify in writing and under penalty of perjury that his or her pleadings or other filings have not been prepared by, or with the aid of, an attorney or shall identify any attorney who has prepared, or assisted in preparing, the document.

Local Civil Rule 83.1(N)(2).

### The Merits of the Requested Extension

Mr. Snow seeks a forty-five (45) day extension of time (until September 11, 2026) to answer the Complaint. *See* ECF No. 10. Plaintiff opposes such a lengthy request because it is unsupported by any showing of substantive facts describing Mr. Snow's unsuccessful attempts to retain counsel. Notwithstanding the deficiencies of Mr. Snow's Motion, Plaintiff does not oppose a reasonable extension and informed Mr. Snow that it consents to an extension for Defendant to file its responsive pleadings until August 18, 2026 (3 weeks from the original due date). *See* **Exhibit A**.

For these reasons, Plaintiff requests that the Court deny the Motion and enter an order granting Defendant Marine1, LLC an extension until August 18, 2026 to file its responsive pleadings. A proposed order is attached.[1]

---

[1]   Mr. Snow's representations in the Motion and his "Protective Answer" seemingly bear on the Court's diversity jurisdiction pursuant to 28 U.S. Code § 1332. Mr. Snow represents that

Dated: August 6, 2026

**OCEANETICS, INC.,**

*/s/ Lawson P. Barkley*
James L. Chapman, Esquire, VSB No. 21983
Lawson P. Barkley, Esquire, VSB No. 101875
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
lbarkley@cwm-law.com
*Counsel for Oceanetics, Inc.*

---

Virginia is his domicile, but not that he is a citizen of Virginia. In determining the truth of this assertion the Court weighs the evidence at an evidentiary hearing, upon a review of the relevant facts. *See Bland v. Fairfax Cty.*, 2011 U.S. Dist. LEXIS 70204, at *5 (E.D. Va. June 29, 2011). Mr. Snow represents in Paragraph 2 of his Motion for Extension of Time that Marine1 is a Virginia limited liability company. However, in Paragraph 2 of his "Protective" Answer, he states that Marine1 is a Michigan LLC. *Compare* ECF No. 10, ¶ 2 *with* ECF No. 11, ¶ 2. According to the Virginia State Corporations Commission website, Marine1, LLC is a Michigan limited liability company, previously registered to conduct business in Virginia, but is now inactive. *See* https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=1021708&source=FromEntityResult&isSeries%20=%20false. According to the Michigan Business Registry, Marine1's registered agent, Scott Snow, maintains a registered office located at 9445 Softwater Woods Dr, Clarkston, Michigan 48348. *See* https://mibusinessregistry.lara.state.mi.us/search/business (Marine1 LLC's information populates after typing Marine1, LLC into the search bar). Before service of the Complaint, Plaintiff sent a Notice to this Michigan address, but it was returned to sender. With that knowledge, Plaintiff located Mr. Snow in Virginia, where service of process was eventually effectuated. When served with process, Mr. Snow was asked to provide identification, which he refused. *See* Affidavit of Service, ECF No. 9, ¶ 3. At this early stage of the proceedings, the Court should exercise jurisdiction to determine whether it has subject matter jurisdiction based on a complete record. *U.S. v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.")

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August, 2026 a true copy of the foregoing was served via First Class U.S. Mail, postage fully prepaid, on the following:

**Marine1, LLC**
c/o Scott T. Snow
300 Dandy Loop Road
Yorktown, Virginia 23692

And via email to:
**Marine1, LLC**
c/o Scott T. Snow
stsnow@comcast.net

/s/ Lawson P. Barkley
James L. Chapman, Esquire, VSB No. 21983
Lawson P. Barkley, Esquire, VSB No. 101875
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
lbarkley@cwm-law.com
*Counsel for Oceanetics, Inc.*