**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
*Newport News Division*

OCEANETICS, INC.,

      **Plaintiff,**

v.                                         **Civil Action No. 4:26cv90-MSD**

MARINE1, LLC,

      **Defendant.**

**BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION TO STRIKE DEFENDANT'S ANSWER**

Plaintiff Oceanetics, Inc. ("Plaintiff" or "Oceanetics"), by counsel, submits this Brief in Support of its Motion to Strike the Answer submitted by Mr. Scott Snow ("Mr. Snow"), purportedly on behalf of Defendant Marine1, LLC's ("Defendant" or "Marine1").

### INTRODUCTION

Defendant Marine1 is a Michigan limited liability company. On July 28, 2026, Mr. Snow, identifying himself as the LLC's sole member, filed a "protective Answer" on the entity's behalf without an attorney. *See* ECF No. 11, at 1,18, and 80; *see also* ECF No. 12, at 3. It is settled law that a business entity such as an LLC cannot litigate *pro se* in federal court and cannot be represented by a non-attorney member or owner. The protective Answer therefore is a nullity and must be stricken. Plaintiff respectfully requests that the Court strike it and, in accordance with Plaintiff's Reply to Defendant's Motion for Extension of Time  (ECF No. 13), grant Defendant a reasonable period within which to retain counsel and file its responsive pleading.

### STATEMENT OF FACTS

1.      Defendant Marine1, LLC is a Michigan limited liability company, previously registered to conduct business in Virginia, but is now inactive. *See*

https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=1021708&source=FromEntityResult&isSeries%20=%20false.

2.      On July 28, 2026, Mr. Snow sent to the Clerk of Court a document styled "The Defendant's Answer to the Complaint" on behalf of Marine1, LLC. *See* ECF No. 11.

3.      Mr. Snow is not a licensed attorney nor admitted to practice before this Court. He signed the Answer as the LLC's "Owner and Sole Member." *See* ECF No. 11, at 21.

## ARGUMENT

An LLC cannot appear in federal court except through licensed counsel. The federal statute governing representation permits parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. However, the right to proceed "personally" is limited to natural persons and does not extend to artificial entities. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-03 (1993).

The Supreme Court has held that "[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland*, 506 U.S. at 201-02 (citing *Osborn v. President of Bank of United States*, 22 U.S. 738 (1824)). In the Eastern District of Virginia, this rule has been applied to limited liability companies. *Dss A.S. v. Pacem Def. LLC*, 2026 U.S. Dist. LEXIS 93108, at *4 (E.D. Va. Feb. 11, 2026). The law is clear, and the fact that Mr. Snow is the sole member does not change the analysis. Marine1 remains a separate legal entity that may only appear through licensed counsel.

Because a non-attorney may not file pleadings on behalf of an LLC, the Answer here was improperly filed and is without legal effect. Courts confronting this situation routinely strike or dismiss the offending pleading. *See, e.g., Arnlifenurse LLC v. Capital City Rehab,* 2025 U.S. Dist.

LEXIS 221748, at *2 (E.D. Va. July 30, 2025) (dismissing *pro se* filing by an LLC owner). Therefore, Marine1's "protective Answer" filed by Mr. Snow must be stricken.

Should Defendant fail to serve its responsive pleadings by licensed counsel within the time allowed by the Court, Plaintiff reserves the right to move for entry of default under Rule 55.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant Marine1 LLC's "protective Answer" filed by Mr. Snow, direct that Defendant appear only through licensed counsel, and, in accordance with Plaintiff's Reply to Defendant's Motion for Extension of Time (ECF No. 13),  afford Defendant a reasonable period to retain counsel to file its responsive pleading.

Dated: August 10, 2026

**OCEANETICS, INC.,**

*/s/   Lawson P. Barkley*
James L. Chapman, Esquire, VSB No. 21983
Lawson P. Barkley, Esquire, VSB No. 101875
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
lbarkley@cwm-law.com
*Counsel for Oceanetics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of August, 2026 a true copy of the foregoing was served via First Class U.S. Mail, postage fully prepaid, on the following:

**Marine1, LLC**
c/o Scott T. Snow
300 Dandy Loop Road
Yorktown, Virginia 23692

And via email to:
**Marine1, LLC**
c/o Scott T. Snow
stsnow@comcast.net

/s/      *Lawson P. Barkley*

James L. Chapman, Esquire, VSB No. 21983
Lawson P. Barkley, Esquire, VSB No. 101875
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
lbarkley@cwm-law.com
*Counsel for Oceanetics, Inc.*
