**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Newport News Division**

OCEANETICS, INC., Plaintiff,

v.

MARINE1, LLC, Defendant.

Civil Action No. 4:26-cv-00090-MSD-DEM

## DEFENDANT MARINE1, LLC'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH THE COURT'S AUGUST 14, 2026 ORDER

Defendant Marine1 LLC, through its sole member and manager, Scott T. Snow – who submits this Motion not as counsel but in the same protective posture as the Motion at ECF No. 10, which the Court entertained and resolved in its Order of August 14, 2026 (ECF No. 16) – respectfully moves the Court under Federal Rule of Civil Procedure 6(b)(1)(A), before the time set by that Order expires, for a twenty-one day extension of the deadline to file Defendant's responsive pleading by admitted counsel, and states:

1. The Court's Order of August 14, 2026 (ECF No. 16) directs that Defendant file its responsive pleading by admitted counsel on or before August 28, 2026. Defendant does not ask the Court to revisit any part of that Order, and intends full compliance. Defendant asks only for the time needed to complete compliance.

2. Defendant has searched diligently and continuously for counsel. On August 27, 2026, that search produced a Virginia attorney who reviewed the docket in this matter and offered to appear

and file the responsive pleading, conditioned on an immediate retainer that Defendant, whose own resources are depleted by this multi-forum litigation, could not responsibly commit on one day's notice. The same attorney provided referrals to five additional attorneys, himself leaving messages with two of them during the same call; each was contacted the same day; none was available. In total, Defendant contacted more than twenty attorneys, law firms, and referral services on August 27, 2026 alone, in addition to earlier efforts, and the search has continued through the date of this Motion. A written log of these contacts is maintained and is available to the Court upon request.

3. The responsive pleading itself is drafted and stands ready for retained counsel's independent review and filing. The extension sought here is to complete an engagement, not to begin preparing a response.

4. No party will be prejudiced by the extension. Every claim in Plaintiff's Complaint is already at issue between these parties in *Oceanetics, Inc. v. Marine1, LLC and Scott T. Snow*, No. CL26-6084 (York County-Poquoson Circuit Court), in which the defendants' Answer and Defenses and Marine1 LLC's Counterclaim were accepted for filing on August 27, 2026. In this action, discovery has not begun and no trial date is set.

5. Defendant respectfully notes that the threshold question of subject-matter jurisdiction identified in Defendant's lodged Answer (ECF No. 11) and referenced in Plaintiff's own briefing (ECF No. 13) remains before the Court, and submits that an enlargement of the counsel deadline pending the Court's consideration of that question also serves judicial economy.

6. This Motion is made in good faith and before the expiration of the time it asks the Court to enlarge. The declaration of Scott T. Snow under 28 U.S.C. § 1746 is attached as Exhibit A. A proposed Order is attached.

WHEREFORE, Defendant Marine1 LLC respectfully requests that the Court extend the deadline set by the Order of August 14, 2026 to and including **September 18, 2026**, or such other date as the Court deems just, and grant such other relief as the Court deems proper.

Date of signing: August 28, 2026

Respectfully submitted,

MARINE1 LLC

By: /s/ Scott T. Snow

Scott T. Snow (Printed Name)

Its Sole Member and Manager, protectively, pending the appearance of counsel

300 Dandy Loop Road

Yorktown, Virginia 23692

(757) 909-0490

stsnow@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I caused a true and correct copy of the foregoing Motion, with its Exhibit and proposed Order, to be served upon Plaintiff's counsel of record by electronic mail to jchapman@cwm-law.com and lbarkley@cwm-law.com, addressed to James L. Chapman, IV, Esq., and Lawson P. Barkley, Esq., Crenshaw, Ware & Martin, P.L.C., 150 W. Main Street, Suite 1923, Norfolk, Virginia 23510, and that a copy of this certificate is also being served upon counsel of record by first-class mail, postage prepaid.

/s/ Scott T. Snow

**GHOSTWRITING CERTIFICATION**

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of, this document.

/s/ Scott T. Snow

Scott T. Snow

Executed on: August 28, 2026

---

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

Oceanetics, Inc. v. Marine1, LLC – Civil Action No. 4:26-cv-00090-MSD-DEM

## EXHIBIT A – DECLARATION OF SCOTT T. SNOW

I, Scott T. Snow, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the sole member and manager of Defendant Marine1 LLC. I make this declaration in support of Marine1 LLC's Motion for Extension of Time to Comply with the Court's August 14, 2026 Order.

2. Since receiving the Court's Order, I have worked continuously to retain counsel for Marine1 LLC while also completing Marine1 LLC's responsive pleadings in the parallel state case, *Oceanetics, Inc. v. Marine1, LLC and Scott T. Snow*, No. CL26-6084 (York County-Poquoson Circuit Court). The Clerk of that court accepted the defendants' Answer and Defenses, Marine1 LLC's Counterclaim, a 198-page exhibit package, and two motions on August 27, 2026.

3. The chronology of the proceedings between the parties is as follows: on May 29, 2026, a property report was made concerning the premises Marine1 LLC had leased from Plaintiff; on June 12, 2026, Plaintiff filed this action; on July 11, 2026, I was arrested on a felony larceny charge in a related criminal proceeding arising from the same business dispute, in which I am the accused, with a preliminary hearing set for October 14, 2026; on July 24, 2026, Plaintiff filed its state-court action on overlapping claims; and on August 26 and 27, 2026, I completed and submitted Marine1 LLC's full state-court response, which the Clerk of the York County-Poquoson Circuit Court accepted. During this same period, on July 30, 2026, my mother, who is 85 years old and lives alone in South Carolina, fell and fractured her pelvis in four places, and on August 28, 2026, she was returned to the hospital; the bond conditions in the criminal proceeding restrict my travel outside Virginia. I state these facts only so the Court has the full picture of the circumstances in which this search for counsel has been pressed.

4. On August 27, 2026, I contacted more than twenty attorneys, law firms, and lawyer referral services seeking counsel to appear in this action, including the Virginia Lawyer Referral Service operated by the Virginia State Bar. The search continued on August 28, 2026: one referred firm responded that it does not practice in federal court; a second firm's conflict check precluded its assistance, and its attorney provided two further referrals, of which one had already been contacted and found conflicted, and I left a message for the other, whose office had closed for the weekend. I maintain a written log of each contact, with the firm, time, person reached, and outcome, and I will provide it to the Court upon request.

5. That search produced a Virginia attorney who reviewed the docket in this matter and offered to appear and file Marine1 LLC's responsive pleading, conditioned on an immediate retainer. The attorney was gracious and forthright throughout. The litigation Plaintiff has brought against

Marine1 LLC and me in multiple forums has depleted my own resources, and I could not responsibly commit to that condition on one day's notice. The attorney referred me to five additional attorneys, himself leaving messages with two of them during our call; I contacted each the same day; none was available to appear by August 28, 2026.

6. Marine1 LLC's responsive pleading is drafted and ready for retained counsel's independent review. I am continuing the search for counsel, including through lawyer referral services and limited-scope and local-counsel practices, and I request the extension so that counsel can be engaged and appear properly.

7. This Motion is submitted before the deadline set by the Court's Order expires.

Executed on August 28, 2026, in Yorktown, Virginia.

/s/ Scott T. Snow

Scott T. Snow

---

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

Oceanetics, Inc. v. Marine1, LLC – Civil Action No. 4:26-cv-00090-MSD-DEM

## ORDER (PROPOSED)

Upon Defendant Marine1, LLC's Motion for Extension of Time to Comply with the Court's August 14, 2026 Order (ECF No. 16), and for good cause shown, it is ORDERED that the deadline for Defendant Marine1, LLC to file its responsive pleading by admitted counsel is extended to and including **September 18, 2026**.

ENTERED this ___ day of _____________, 2026.

________________________________ United States District Judge / United States Magistrate Judge