**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| OCEANETICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:26cv90 |
| | ) | |
| MARINE1, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT MARINE1, LLC**

Defendant Marine1, LLC ("Marine1"), by counsel, hereby answers the Complaint of Plaintiff Oceanetics, Inc. ("Plaintiff" ) as follows. In response to the unnumbered introductory paragraph of the Complaint, Marine1 admits only that Plaintiff purports to bring claims for breach of a commercial lease and a loan agreement and seeks $346,973.78 together with interest, attorney's fees and costs. Marine1 denies that it owes that sum, or any sum as alleged; denies Plaintiff's calculations; and denies that Plaintiff is entitled to the relief requested.

1. Marine1 admits that Oceanetics, Inc. is a corporation organized under the laws of the Commonwealth of Virginia; that it was formerly named Truston Technologies, Inc.; and that, according to the records of the Virginia State Corporation Commission, Marine1 lacks sufficient knowledge or information sufficient to admit or deny its other names or the location of Plaintiff's principal place of business and therefore denies those allegations.

2. Marine1 admits that it is a limited liability company formed under the laws of Michigan; that it was previously registered to transact business in Virginia, which authorization lapsed September 1, 2025 for failure to pay it assessment and admits that it is currently authorized to transact business in Virginia as of August 20, 2026 and that Snow is

Marine1's sole member and manager. Marine1 denies the other allegations of ¶ 2 of the Complaint.

3. Marine1 denies that the Court has diversity jurisdiction in this action.

4. The allegations of ¶ 4 of the Complaint are legal conclusions that require no response but to the extent that a response is required, Marine1 denies those conclusions.

5. The allegations of ¶ 5 of the Complaint are legal conclusions that require no response, but to the extent a response is required, Marine1 denies those allegations.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. The allegations of ¶ 10 of the Complaint are legal conclusions that require no response and that the Lease speaks for itself, but to the extent a response is required, Marine1 denises those allegations.

11. The allegations of ¶ 11 of the Complaint are legal conclusions that require no response and that the Lease speaks for itself, but to the extent a response is required, Marine1 and Snow deny those allegations.

12. Admitted.

13. Denied.

14. Denied.

15. Marine1 admits that it received a notice of termination and a demand that it vacate the Property in November 2025 but denies the other allegations of ¶ 15 of the Complaint.

16. Denied.

17. Denied.

18. Marine1 admits that it did not pay some utilities but denies the other allegations of ¶ 18 of the Complaint.

19. Denied.

20. Marine1 admits that it owes money to Plaintiff under the Lease but deny the other allegations of ¶ 20 of the Lease.

21. ¶ 21 of the Complaint states a legal conclusion to which no response is required but to the extent a response is required, Marine1 denies those allegations.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Denied.

29. Denied.

30. Marine1 admits that the Loan Agreement is in default but denies the other allegations of ¶ 30 of the Complaint.

31. Marine1 admits that Loan Agreement provided that a specific vessel was security against a default under the Agreement and that the Loan Agreement speaks for itself but Marine1 denies the other allegations of ¶ 31 of the Complaint.

32. Marine1 admits that it owes money under the Loan Agreement but deny the other allegations of ¶ 32 of the Complaint.

33. Marine1 admits that interest continues to accrue under the Loan Agreement but deny the other allegations of ¶ 33 of the Complaint.

34. ¶ 34 states a legal conclusion that requires no response but to the extent that a response is required, Marine1 denies those allegations.

35. Marine1 reavers and incorporates by reference their answers ¶¶ 1-34 of the Complaint.

36. ¶ 36 states a legal conclusion that requires no response but to the extent that a response is required, Marine1 denies those allegations.

37. ¶ 37 states a legal conclusion that requires no response but to the extent that a response is required, Marine1 denies those allegations.

38. Marine1 admits it received a Notice of Termination from Plaintiff but denies the other allegations of ¶ 38 of the Complaint.

39. Admitted.

40. Marine1 admits that it owes some money to Plaintiff under the Lease Agreement but denies the other allegations of ¶ 40 of the Complaint.

41. Marine1 reavers and incorporates by reference their answers ¶¶ 1-40 of the Complaint.

42. ¶ 42 states a legal conclusion that requires no response but to the extent that a response is required, Marine1 denies those allegations.

43. Marine1 admits that it did not make all loan payments to Plaintiff but denies the other allegations of ¶ 43 of the Complaint.

44. Marine1 admits that it failed to make a loan payment within sixty days of its due date but denies the other allegations of ¶ 44 of the Complaint.

45. Admitted.

46. Admitted.

47. Admitted.

48. Marine1 admits it is indebted to Plaintiff but denies the other allegations of ¶ of the Complaint.

WHEREFORE, for the reasons set forth above and such others as may be raised at trial and otherwise, Marine1 prays that the Court dismiss this lawsuit, with prejudice and for such other relief as this Court deems to be just and proper.

AFFIRMATIVE DEFENSES

1. Accord and satisfaction.
2. Contributory negligence.
3. Duress.
4. Estoppel.
5. Failure of Consideration.
6. Payment.
7. Waiver.
8. First Breach.
9. Unclean Hands.
10. Laches.
11. Lack of subject matter jurisdiction.

Respectfully submitted,

MARINE1 LLC
By Counsel

Lewis Rhodes

Matthew A. Brennan, III
Va. Bar No. 27556
Lewis Rhodes
Va. Bar No.
Reston Law Group LLP
2100 Reston Parkway, Suite 450
Reston VA 20191
(703) 929-0091
(703) 868-8653
mbrennan@restonlaw.com
lrhodes@restonlaw.com

*Counsel for Defendant Marine1 LLC*